**Ex Parte James Carol SHEPHERD, Applicant.**

**Nos. 50440–01, 50440–02.**

Court of Criminal Appeals of Texas.

Feb. 13, 2002.

James Carol Shepherd, pro se.

---

Dan P. Bradley, Assist. DA, Conroe, for State.

## *OPINION*

COCHRAN, J., filed an opinion concurring with the dismissal.

I agree with the Court's decision to dismiss applicant's writ of habeas corpus seeking time-served credits because he did not comply with the statutory requirements of Section 501.0081 of the Government Code. I add these comments merely to reiterate the importance of carefully following the requirements of that statute.

Applicant was convicted of two separate burglaries. He was sentenced to six years on the first conviction and eight years on the second, with the sentences to run consecutively. On January 3, 1994, applicant was erroneously released on parole regarding the first burglary sentence. His parole was revoked and he was returned to custody in 2000 on a parole violation. He received no time-credit for the period in which he had been erroneously released.[1] Because applicant was never officially designated as "paroled" on the first sentence, his release was not authorized; he was therefore entitled to credit on both burglary sentences for the period of time he was at liberty. *Ex parte Millard,* 48 S.W.3d 190, 192 (Tex.Crim.App.2001).

However, an inmate may not file an application for a writ of habeas corpus to receive such time-credits until and unless he has complied with the requirements of Tex. Gov't Code, § 501.0081. That section specifically requires an inmate to file a dispute resolution request with the Texas Department of Criminal Justice Time Credit Dispute Resolution Office *and* to receive a written decision from that office *before* he files an application for a writ of habeas corpus, unless the department has not responded to his request within 180 days or unless the inmate is within 180 days of being released on parole.[2]

In this case, applicant first complained to State Counsel for Offenders about his sentence credits and calculations and they rejected his claims with letters dated January 18, 2001, and May 23, 2001. But this is not the appropriate office for filing a time-served complaint. Under Section 501.0081, such claims must be submitted to the Texas Department of Criminal Justice Time Credit Dispute Resolution Office. Applicant filed his writ application on July 26, 2001, *then* he filed a request with the time credit resolution office, and *then* he filed another writ application on September 12, 2001. All of this occurred *before*

---

1. That is, the time between January 3, 1994 and May 26, 1999.

2. Tex. Gov't Code § 501.0081 provides, in pertinent part:

    (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

    (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

    (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

    (c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

675

the time resolution office rejected his time credit request on November 30, 2001.

Under Section 501.0081, applicant was not entitled to file an application for a writ of habeas corpus until after he received the rejection letter on November 30, 2001. This section does not provide for or allow a "jump start" on a writ application. When trial courts receive a writ application under Section 501.0081 without a copy of the rejection letter from the time resolution office, they must recommend dismissal of the writ. When this Court receives a writ application and associated materials which show that the habeas applicant filed his writ *before* receiving a rejection letter from the time resolution office, it must dismiss that writ.

Sometimes a little patience is a great virtue.

I agree with the Court's dismissal of applicant's writ of habeas corpus.